UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DR. RACHEL WELLNER,

            Plaintiff,

- against -

CITY OF NEW YORK ET AL.,

            Defendants.

---

16-cv-7032 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Dr. Rachel Wellner, moves for reconsideration of the portion of the Court's February 13, 2019 Order[1] dismissing the plaintiff's defamation claim on summary judgment. Dkt. No. 130. Her motion is **denied**.

I.

Reconsideration of a previous Order of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quotation marks omitted). To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dept. of

---

[1] The Order was based upon the Court's oral decision at the hearing held on February 12, 2019.

Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "A motion for reconsideration is not an 'opportunity for making new arguments that could have been previously advanced . . . .'" Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) (quoting Associated Press v. U.S. Dep't of Defense, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)). Moreover, "[t]he decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03cv2876, 2014 WL 1673375, at *1 (S.D.N.Y. April 28, 2014) (quotation marks omitted).

## II.

In her first amended complaint, the plaintiff alleged that the defendant officers made three allegedly defamatory statements to various news or media outlets. The Court dismissed this defamation claim because there was no evidence that the defendant officers actually spoke to the press or the media. The plaintiff attempted to broaden her defamation theory in response to the defendants' motion for summary judgment by arguing that the officers relayed the allegedly defamatory statements to an assistant district attorney ("ADA") and these statements to the ADA were the alleged defamations. The Court accepted the defendants' argument that this theory was not contained in the plaintiff's first amended complaint. The plaintiff challenges the dismissal of that alleged claim.

2

## A.

First, the plaintiff argues that by dismissing her defamation claim on summary judgment, this Court improperly held her to a pleading standard commensurate with Federal Rule of Civil Procedure 9(b) rather than Rule 8. Particularly, she contends that although she alleged in her first amended complaint that the defendant officers made defamatory statements "to the press," and pursued a defamation theory against the officers based on that theory, that allegation was sufficient under Rule 8 to cover a defamation theory against the officers for making the same statements to an ADA. By holding that she did not adequately plead her ADA-based defamation theory, the plaintiff argues, the Court effectively held her to an improper, heightened pleading standard. This argument is without merit.

Pleading a defamation claim is governed by Rule 8, which requires that the plaintiff's charges "be set forth in a short and concise statement, detailed only to the extent necessary to enable defendant to respond and to raise the defense of res judicata if appropriate." Geisler v. Petrocelli, 616 F.2d 636, 640 (2d Cir. 1980). Under Rule 8 the plaintiff need not allege "the exact time, place and speaker of each defamatory statement." Sterling Interiors Grp., Inc. v. Haworth, Inc., No. 94cv9216, 1996 WL 426379, at *24 (S.D.N.Y. July 30, 1996) (emphasis added). But the plaintiff must provide enough context

3

for the defendants to defend themselves – namely, "an indication" of who made what statements, when, and to whom. See MCM Prod. USA, Inc. v. Botton, No. 16cv1616, 2016 WL 5107044, at *5 (S.D.N.Y. Sept. 19, 2016); Reserve Sols. Inc. v. Vernaglia, 438 F. Supp. 2d 280, 289 (S.D.N.Y. 2006) (collecting cases).

In this case, the first amended complaint did not provide the defendants sufficient notice under Rule 8 to defend against the plaintiff's theory of defamation related to statements the defendant officers allegedly made to the ADA. An allegation that the defendant officers made defamatory statements to the press is plainly different from an allegation that the officers made such statements to the ADA.[2] Indeed, the first amended complaint set forth a defamation theory based entirely on the officers' alleged statements to the press. As a result, the defendants moved successfully for summary judgment dismissing the defamation claim on the basis that the plaintiff provided no evidence that the officers made such statements to the press.

Moreover, despite the plaintiff's contention to the contrary, it is of no moment that the alleged statements the

---

[2] Plaintiff's counsel admitted as much at argument of the summary judgment motion. When the Court pointed out that the first amended complaint alleged statements made by the defendant officers to the press, not the ADA, plaintiff's counsel responded:
> [Y]ou're 100 percent correct. . . . In theory, your Honor, the better practice would have been [to] write to the Court and make a motion to amend the pleading to include that.

Feb. 12, 2019 Tr. at 18.

4

officers made to the ADA are the same as those the first amended complaint alleges the officers made to the press. The fact that the content of the statements is alleged to be the same does not provide the defendants enough notice to defend against a theory of defamation based on statements made to someone entirely different from the press. See Fuji Photo Film U.S.A., Inc. v. McNulty, 669 F. Supp. 2d 405, 416 & n.65 (S.D.N.Y. 2009) (dismissing a defamation claim for failing to specify to whom the allegedly defamatory statement was made and collecting cases).

The plaintiff also contends that the defendants waived any objection to her ADA-related theory of defamation because the defendants did not object to the theory until the reply brief they filed in support of their summary judgment motion. Not only is this argument ironically made only in the plaintiff's reply brief of her current motion for reconsideration, but it is also backwards. The plaintiff did not plead an ADA-related theory of defamation and instead pursued the theory for the first time in her brief opposing summary judgment. The reply brief was therefore the first opportunity the defendants had to protest that theory.[3]

---

[3] The defendants were not required to respond to a defamation theory that was not pleaded in the first amended complaint when they moved for summary judgment. When the plaintiff raised that theory in her opposition brief, the defendants appropriately argued in their reply that it was a new theory not contained in the first amended complaint. The fact that counsel

5

In short, the plaintiff's arguments that the Court held her to an improper pleading standard and that the defendants waived any objection to a defamation theory not set out in her first amended complaint are both without merit.

**B.**

The plaintiff next contends that this Court should exercise its discretion under Federal Rule of Civil Procedure 15(b) to deem the first amended complaint to have included a defamation theory involving statements to the ADA. The plaintiff argues that this Court should do so because the defendants implicitly consented to trial of this defamation theory by (1) objecting to the theory for the first time in their summary judgment reply brief, (2) failing to object to this theory at a premotion conference, and (3) failing to object during the ADA's deposition to questions regarding the allegedly defamatory statements the officers made to the ADA.

The arguments are meritless. The plaintiff's first point – regarding the defendants' objecting to the theory for the first time in a reply brief – fails for the reasons explained above. The plaintiff's second point fails because although at the premotion conference plaintiff's counsel mentioned the defendant

---

for the plaintiff mentioned at the premotion conference before the motion for summary judgment that disclosure to the ADA would be a disclosure to a third party does not substitute for the claim that was asserted in the first amended complaint.

6

officers' alleged defamatory statements to the ADA as a disclosure to a third party, counsel did so as part of an explanation why counsel believed the statements to the press must have come from the officers. Cf. Jimenez v. Tuna Vessel Granada, 652 F.2d 415, 421 (5th Cir. 1981) (holding that failing to object to evidence entered that is relevant to an issue already pleaded does not constitute consent to trial of an unpleaded issue to which the same evidence is also relevant). In any event, a statement at a premotion conference about a possible theory of liability is not a substitute for amending a pleading to contain that new theory of liability. Finally, the plaintiff's third point fails. Questions to the ADA about what statements the officers made to him were relevant to the plaintiff's claim for denial of the right to a fair trial. They were also relevant to the issue of how the statements got to the press. Not objecting to these questions does not somehow constitute acquiesce to a defamation theory that the plaintiff did not plead. Cf. id.

In sum, the plaintiff's Rule 15(b) arguments fail, and the Court will not exercise its discretion to allow the plaintiff to amend her pleadings because a motion for summary judgment has already been decided and the parties are in the process of preparing their pretrial filings. Allowing that amendment would in fact be disruptive because it would reasonably entitle the

7

defendants to make a new motion for summary judgment against that claim and further delay the trial of the case. The plaintiff could have sought to amend the first amended complaint to include her new theory of liability during the lengthy period following the ADA's deposition but failed to do so.

## CONCLUSION

The Court has considered all the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the plaintiff's motion for reconsideration is **denied**. The Clerk of Court is directed to close docket number 135.

**SO ORDERED.**

**Dated:** **New York, New York**
**March 22, 2019**

_____
John G. Koeltl
**United States District Judge**